UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-11815-SVW (KK)** | Date: | January 6, 2021 |
|---|---|---|---|

| Title: | *Juan Carlos Uitz v. People* |
|---|---|

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order to Show Cause Why This Action Should Not Be Summarily Dismissed for Failure to State a Cognizable Habeas Claim**

**I.
INTRODUCTION**

On December 17, 2020, Petitioner Juan Carlos Uitz ("Uitz"), an inmate at Richard J. Donovan Correctional Facility, constructively filed[1] a pro se "Petition to Strike Restitution" ("Petition"). ECF Docket No. ("Dkt.") 1 at 1. The Court construes Uitz's Petition as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254"). Uitz challenges the restitution fine imposed as part of his conviction and sentence in Los Angeles Superior Court, Case No. GA057386, and asks the Court for "a restitution reduction to the minimum payment of $200[.]" Id. at 1, 5, 9. As discussed below, the Court orders Uitz to show cause why the Petition should not be summarily dismissed for failure to state a cognizable habeas claim.

**II.
DISCUSSION**

**A.    Applicable Law**

Under Section 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the

---

[1]    Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in" an action filed pursuant to 42 U.S.C. § 1983 ("Section 1983"). Muhammad v. Close, 540 U.S. 749, 750 (2004) (citations omitted).

Section 2254(a) uses the term "in custody" twice, with two different requirements.  Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010).  The first usage (i.e., that the petition be filed "in behalf of a person in custody") requires that the petitioner is "under the conviction or sentence under attack at the time his petition is filed."  Id. at 978–79, 983 n.6 (quoting Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005)).  The second usage (i.e., that the application may be entertained "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States") requires "a nexus between the petitioner's claim and the unlawful nature of the custody."  Id. at 978–80.  "[W]hen a prisoner's claim would not necessarily spell speedier release, that claim does not lie at the core of habeas corpus and may be brought, if at all, under § 1983."  Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011) (internal quotation marks and citations omitted); see also Heck v. Humphrey, 512 U.S. 477, 481–83 (1994).  Thus, a challenge to a non-custodial component of a sentence, i.e. a restitution fine, does not suffice to state a claim for relief under Section 2254.  Bailey, 599 F.3d at 978.

**B.      Analysis**

Here, Uitz challenges his restitution fine and asks the Court for "a restitution reduction to the minimum payment of $200[.]"  Dkt. 1 at 1, 5.  Uitz's challenge of his restitution fine, however, does not "call into question the lawfulness of the conviction or confinement[,]" challenge the fact or duration of his custody, or "seek[ ] immediate or speedier release[.]"  Heck, 512 U.S. at 481–83. Uitz's claim, therefore, is not cognizable under Section 2254.  Bailey, 599 F.3d at 978; Phillips v. Sherman, No. 5:19-CV-01772-CBM (SHK), 2019 WL 6620488, at *3 (C.D. Cal. Oct. 18, 2019), report and recommendation adopted, 2019 WL 6618930 (C.D. Cal. Dec. 5, 2019) (finding petitioner failed to state a cognizable claim for habeas relief where his requested relief was a modification of his restitution fines).

## III.
## ORDER

The Court, therefore, **ORDERS** Uitz to respond within **twenty-one (21) days** of the date of this Order by electing one of the following options:

1.  File a written response explaining why Uitz's claim is cognizable on habeas review.  If Uitz contends his claim is cognizable on habeas review, Uitz must explain and attach any supporting documents.

2.  Voluntarily dismiss this action without prejudice.  Uitz may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court has attached a Notice of Dismissal form**.  However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).

If Uitz fails to respond within **twenty-one (21) days** of the date of this Order, the Court will dismiss this action with prejudice for failure to state a cognizable habeas claim and/or failure to prosecute and obey court orders.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**